**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA VIRGELIS ROMO-CADENES, | No. 10-70378 |
| Petitioner, | Agency No. A099-580-514 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Laura Virgelis Romo-Cadenes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the IJ's finding that, even if Romo-Cadenes filed a timely asylum application, Romo-Cadenes failed to carry her burden to establish that she cannot relocate within Mexico to avoid harm. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (in the absence of a presumption of a well-founded future fear, the petitioner has the burden of proving that relocation is unreasonable). Romo-Cadenes does not challenge the IJ's determination that she failed to demonstrate past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to address her unexhausted contention that she established a fear of future persecution as a member of a disfavored group. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, her asylum claim fails.

Because Romo-Cadenes has not established eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Romo-Cadenes does not challenge the IJ's determination that she failed to demonstrate eligibility for CAT relief. *See Martinez-Serrano*, 94 F.3d at 1259-60.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**